UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JERRY EDDIE PATLAN, | No. 15-cv-2372 LB |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | [Re: ECF No. 1] |
| C. E. DUCART, Warden, | |
| Respondent. | |

### INTRODUCTION

Jerry Eddie Patlan, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Patlan consented to proceed before a magistrate judge. (ECF No. 1 at 38.) This order requires the respondent to respond to the petition.

### STATEMENT

Mr. Patlan was convicted in the Santa Clara County Superior Court of possession for sale of methamphetamine and transportation for sale of methamphetamine. *See* Cal. Health & Safety Code §§ 11378, 11379(a). Sentencing enhancement allegations for prior convictions were found true. On

1   April 13, 2012, he was sentenced to 25 years to life in prison.

2   Mr. Patlan appealed. The California Court of Appeal affirmed the judgment of conviction on
3   February 26, 2014. The California Supreme Court denied his petition for review on June 11, 2014.
4   Mr. Patlan states that he did not file any state habeas petitions before filing this action.

## ANALYSIS

6   This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
7   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
8   Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423
9   U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent
10  to show cause why the writ should not be granted, unless it appears from the application that the
11  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

12  In his federal petition, Mr. Patlan asserts four claims: (1) his right to due process was violated
13  when the trial court failed to instruct the jury with proposed instructions on the terms "possession"
14  and "control" in relation to one of the drug offenses; (2) prosecutorial misconduct during the closing
15  argument in that the prosecutor (a) inappropriately vouched and disparaged defense counsel, and (b)
16  commented on Mr. Patlan's right to remain silent and failure to testify in violation of his Fifth and
17  Fourteenth Amendment rights; (3) Mr. Patlan's Sixth Amendment right to effective assistance of
18  counsel was violated when counsel failed to adequately object to the prosecutor's comments, ECF
19  No 1 at 13, 17-18; (4) Mr. Patlan's Sixth Amendment right to confront witnesses was violated by the
20  prosecutor's comments on his right to remain silent and failure to testify, *id.* at 13, 27; (5) cumulative
21  error; and (6) Mr. Patlan's right to due process was violated because the evidence relating to his
22  1982 assault conviction was insufficient to prove that the conviction was a strike conviction. Giving
23  the *pro se* petition the liberal construction to which it is entitled, the claims other than Claim 4 are
24  cognizable and warrant a response.

25  Claim 4, i.e., that Mr. Patlan's right to confront witnesses was violated by the prosecutor's
26  comments on his right to remain silent and failure to testify is dismissed. In a federal habeas action,
27  a petitioner may not obtain relief on any claim adjudicated on the merits in state court unless the
28  decision "was contrary to, or involved an unreasonable application of, clearly established Federal

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1 law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).  Mr. Patlan
2 has not identified, nor is the court aware of, any Supreme Court case holding that a person has a
3 Sixth Amendment right to confront himself.  *Cf. United States v. Romo-Chavez*, 681 F.3d 955, 961
4 (9th Cir. 20120) (Confrontation Clause right "not implicated" by admission of officer's translations
5 of defendants' statements that were properly construed as defendant's own statements); *United States*
6 *v. Crowe*, 563 F.3d 969, 976 n.12 (9th Cir. 2009) (suggesting that defendant's own out-of-court
7 statements do not raise Confrontation Clause concerns).

8 Mr. Patlan has requested appointment of counsel to represent him in this action.  A district court
9 may appoint counsel to represent a habeas petitioner whenever "the court determines that the
10 interests of justice so require" and such person is financially unable to obtain representation.  18
11 U.S.C. § 3006A(a)(2)(B).  Appointment of counsel is required when there will be an evidentiary
12 hearing.  *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  The decision to appoint
13 counsel otherwise generally is within the discretion of the district court.  *See Chaney v. Lewis*, 801
14 F.2d 1191, 1196 (9th Cir. 1986).  Appointment is mandatory only when the circumstances of a
15 particular case indicate that appointed counsel is necessary to prevent due process violations.  *See id.*
16 The interests of justice do not require appointment of counsel in this action.    An evidentiary
17 hearing does not appear necessary at this time; if one does become necessary later, the court will
18 appoint counsel on its own motion.  Mr. Patlan's claims for federal habeas relief have been
19 adequately presented.  *See Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (although
20 petitioner had no background in law, denial of appointment of counsel was within discretion of
21 district court where petitioner adequately presented issues in petition and accompanying
22 memorandum).  Mr. Patlan's assertion that counsel must be appointed when the court issues an order
23 to show cause is legally incorrect; the California Rules of Court do not control the appointment of
24 counsel in a federal habeas proceeding.  The request for appointment of counsel is DENIED.  (ECF
25 No. 3.)

26 In future filings, Mr. Patlan should number the pages in his documents, i.e., put a page number
27 on the bottom of each page of his filing.

28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

15-cv-2372 LB
ORDER                                             3

**CONCLUSION**

For the foregoing reasons,

1. Claim 4, i.e., the Confrontation Clause claim, is dismissed. The other claims are cognizable and warrant a response.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Mr. Read.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon respondent and respondent's attorney, the Attorney General of the State of California.

4. Respondent must file and serve upon petitioner, on or before **August 14, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the parole hearing or court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **September 11, 2015**.

6. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

7. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the Court for consideration in this case.

8. Petitioner's *in forma pauperis* application is GRANTED. (ECF No.2.)

9. Petitioner's request for appointment of counsel is DENIED. (ECF No. 3.)

**IT IS SO ORDERED.**

Dated: June 4, 2015

LAUREL BEELER
United States Magistrate Judge